# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:11CR201 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | AMENDED |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| EVELYN GOMEZ-GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 26). The government adopted the PSR (Filing No. 24). The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to the enhancement assessed under U.S.S.G. § 2B1.1(b)(10)(A)(ii) in ¶ 32 for possession or use of an authentication feature. The enhancement raises the offense level by 6 levels.

Because this matter was scheduled as a combined plea and sentencing hearing, the Court and the parties have not had the advantage of proceeding under a sentencing schedule. The objection will be heard at sentencing. The burden is on the government by a preponderance of the evidence.

IT IS ORDERED:

1. The Defendant's objections to ¶ 32 of the PSR will be heard at sentencing;

2. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are

required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

      3.     Absent submission of the information required by paragraph 2 of this Order, my tentative findings may become final; and

      4.     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 21st day of September, 2011.

BY THE COURT:

s/Laurie Smith Camp  
United States District Judge